FILED

**NOT FOR PUBLICATION**

FEB 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN AVIATION, INC.; LARRY D. WRIGHT, <br><br> Petitioners, <br><br> v. <br><br> U.S. DEPARTMENT OF TRANSPORTATION; FEDERAL AVIATION ADMINISTRATION, <br><br> Respondents. | No. 10-72772 <br><br> TRAN No. 13-08-01 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Dept. of Transp., NTSB

Argued and Submitted November 15, 2011
San Francisco, California

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

Petitioners American Aviation, Inc. and Larry D. Wright (collectively

"American") appeal from the Federal Aviation Administration's ("FAA") Final

Agency Order on the Initial Interim Operating Authority (IOA) Allocation

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

("Order") denying American additional interim operating authority ("IOA") over Glen Canyon National Recreational Area. We have jurisdiction under 49 U.S.C. § 46110(a), and we affirm.

As an initial matter, the FAA argues that American waived its right to seek any increase in IOA and therefore cannot claim error with the distribution of IOA on appeal. The government, however, is incorrect because it misapprehends the scope of American's waiver. During the administrative hearing, American indicated that it was forgoing any claim to IOA based "on operations of Sunrise Aviation," informing the Hearing Officer that he could "take any interest [American] might have previously claimed on that off the table." The Hearing Officer asked American whether it was referring to its initial IOA application, in which American sought 11,350 flights over Glen Canyon. American confirmed that it was withdrawing any claim to IOA requested in that application other than the 462 it received in 2003. Although American may have waived its right to IOA based on this application, it did not waive its right to an overall increase in IOA.

American contends that the FAA acted arbitrarily and capriciously in its allocation of IOA because the FAA allocated significantly greater IOA to American's competitors than to American. The FAA's allocation of IOA was not arbitrary and capricious, but was based on the evidence presented to it and made in

2

accordance with the statutory limitations in place. Under the National Park Air Tour Management Act of 2000 ("Air Tour Act"), the FAA lacks authority to increase the number of operations for any operator above the number of IOA allocations that was originally granted to the operator unless both the FAA and National Park Service ("NPS") concur in the increase. *See* 49 U.S.C. § 40128(c)(2)(B). In 2003, American applied for IOA over Glen Canyon, and the FAA allocated 462 flights to American. ERII, Tab 8 at FAA 001751. Without the participation of the NPS, the FAA lacked authority to increase IOA allotments for American (or any other carrier) over these original amounts—a limitation noted by the FAA in its Order. Consequently, when American withdrew its claim to additional IOA based on the operations of Sunrise Airlines or based on its original application for IOA, the FAA lacked authority to increase American's IOA without the concurrence of the NPS. Because the FAA was prevented by statute from increasing American's IOA without NPS approval—but was not precluded from decreasing its competitors' IOA, which it did—the FAA's conduct was not arbitrary or capricious. *See W. Radio Servs. Co., Inc. v. Glickman*, 113 F.3d 966, 971 (9th Cir. 1997) (finding no error where "the [Forest] Service followed the required procedures").

American next claims that the FAA erred by allocating IOA using procedures other than those established by the Air Tour Act, 49 U.S.C. § 40128. The Air Tour Act permits the FAA to modify "interim operating authority based on experience if the modification improves protection of national park resources and values" without requiring the use of any specific procedures. 49 U.S.C. § 40128(c)(2)(I). In modifying the allocation of IOA here, the FAA credited NPS's intent to "improve[] the protection of national park resources," and noted the NPS's concurrence in maintaining the status quo as an "appropriate modification to address the particular circumstances involved with this Investigation." There was no error in the FAA's conduct.

Finally, American argues that the FAA was unreasonably delaying resolution of American's application for an increase in IOA and asked us to order the FAA to act. But after this case was argued and submitted, the FAA determined that an increase was unwarranted because the NPS found that American's "proposed net increase of 7,034 flights per year would [not] improve the protection of park resources and values." Dkt. 33. As we have been advised the FAA has now resolved American's application, American's request is moot.

PETITION DENIED.